IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 09-06538-TBB-11 |
| | ) Chapter 11 Proceeding |
| RONALD CLAYTON GILBERT, SR., | ) |
| | ) |
| Debtor. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER CONFIRMING
SECOND AMENDED PLAN OF REORGANIZATION**

This matter came up for hearing before the Court on November 30, 2010, (the "Confirmation Hearing"), to consider confirmation of the Second Amended Creditor's Plan of Reorganization (as amended, the "Plan") for Ronald Clayton Gilbert, Sr., debtor and debtor-in-possession (the "Debtor"), proposed by Rogina Investment Corporation ("Rogina"). Based upon the pleadings of record in this case, the arguments and representations of counsel, the evidence admitted at the Confirmation Hearing and at all other hearings in the Debtor's case, and after due consideration and deliberation, and based upon the findings of fact and conclusions of law read into the record in open court on November 30, 2010, which are hereby incorporated by reference as if fully set forth herein, and all other matters brought

before the Court, the Court makes its findings of fact and states its conclusions of law as follows[1]:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Procedure.

1. On July 13, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Alabama, Southern Division. Venue was transferred to this Court (the "Court").

2. The Debtor's most valuable asset and only significant income is his interest in a parcel of property located at the southeast corner of U.S. Highway 31 and Lorna Road in Hoover, Alabama (the "Property").

3. On November 15, 2010, Rogina filed its Plan and Second Amended and Restated Disclosure Statement (the "Disclosure Statement").

4. Rogina sought confirmation of its Plan pursuant to section 1129(b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b).

6. The Court approved the Disclosure Statement by Order dated October 18, 2010 (as subsequently amended by the Court's Order of November 10, 2010, the "<u>Disclosure Order</u>"). The Disclosure Order established November 23, 2010, as the deadline to file objections to confirmation of the Plan and ballots to vote on the Plan.

7. In accordance with the Disclosure Order, Rogina served the Plan, the Disclosure Statement, the Disclosure Order, and form ballots upon all creditors of the Debtor, the Debtor, all parties in interest, and the Bankruptcy Administrator.

8. Due and proper notice of the Confirmation Hearing, of the opportunity to object to the Disclosure Statement and to confirmation of the Plan, and of the deadline for filing ballots accepting or rejecting the Plan was given.

9. On November 18, 2010, Rogina timely filed and served its proposed transaction documents: a Purchase and Sale Agreement, Warranty Deed (the "<u>Deed</u>"), and Assignment of Lease and Claims (the "<u>Assignment</u>").

10. The Disclosure Order fixed November 23, 2010, as the deadline for filing objections to the Plan and as the deadline for voting on the Plan. No written objections were made. At the November 30, 2010 Confirmation Hearing, counsel

3

for MS Properties, LLC ("MS Properties") made an objection to the Plan on the grounds that the Plan does not provide for payment of interest on the MS Properties Secured Claim for the period beginning June 7, 2010 – the date the Court entered its Agreed Order allowing MS Properties a secured claim – and ending with the Effective Date, the date on which such claim is expected to be paid. The parties agreed that this objection would be resolved at a later time as part of the claims resolution process but that the Plan Administrator would be required to hold funds sufficient to cover interest for this period of time.

11. The Debtor did not vote for or against the Plan, but did not object, in writing or otherwise, to the confirmation of the Plan.

### B. The Plan Satisfies All of the Requirements of section 1129(a) of the Bankruptcy Code Except for the Requirements of Bankruptcy Code section 1129(a)(8).

12. Except as specifically set forth herein, the Plan complies with the applicable provisions of the Bankruptcy Code as required by section 1129(a)(1) of the Bankruptcy Code, including sections 1122 and 1123 of the Bankruptcy Code.

13. Rogina, as the proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code as required by section 1129(a)(2) of the Bankruptcy Code, including sections 1125 and 1126 of the Bankruptcy Code.

4

14. The Plan has been proposed in good faith and not by any means forbidden by law. Accordingly, the Plan satisfies the requirements of section 1129(a)(3) of the Bankruptcy Code.

15. Any payments made or to be made by the Debtor for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, have been fully disclosed to the Court. All such payments made before confirmation of the Plan have been approved by the Court as reasonable; or if to be fixed after confirmation of the Plan, will be subject to the approval of the Court. Accordingly, the Plan satisfies the requirements of section 1129(a)(4) of the Bankruptcy Code.

16. As set forth below, Rogina, the plan proponent, is proposed to serve, after confirmation of the Plan, as Plan Administrator under the Plan; and the appointment to, or continuance in, such office of such individual, or entity, is consistent with the interests of creditors and the Debtor and with public policy. The proponent of the Plan has disclosed the identity of any insider that will be employed or retained by the Plan Administrator and the nature of and compensation for such insider. Accordingly, the Plan satisfies the requirements of section 1129(a)(5) of the Bankruptcy Code.

17. The Plan does not provide for any rate change that would require approval of a government regulatory commission with jurisdiction over the rates of the Debtor. Accordingly, section 1129(a)(6) of the Bankruptcy Code is not applicable.

18. Each holder of a claim or interest in an impaired class will receive or retain under the Plan property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. All creditors, secured and unsecured, will receive a distribution in cash on the effective date in an amount equal to the allowed amount of such claim. Therefore, the Plan satisfied the requirements of section 1129(a)(7) of the Bankruptcy Code.

19. With respect to each unimpaired class, the legal, equitable, and contractual rights of such claimants are unaltered by the Plan pursuant to section 1124 of the Bankruptcy Code. Class 1, Class 2, and Class 3 are unimpaired under the Plan.

20. Class 4, the equity interest of the Debtor, was the only impaired class.

21. Except to the extent that a holder of a particular claim has agreed to different treatment of such claim, the Plan provides that: (a) with respect to a claim of a kind specified in section 507(a)(1) or 507(a)(2) of the Bankruptcy Code, on

B JHW 947330 v1
1016937-000023 12/03/2010

the effective date of the Plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim; and (b) with respect to a claim of a kind specified in sections 507(a)(3), (a)(4), (a)(5), (a)(6), (a)(7), or (a)(8) of the Bankruptcy Code, if any, the holder of such claim will receive on account of such claim payment in full on the effective date of the Plan. Therefore, the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

22. No class of claims is impaired. Accordingly, the Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

23. The Plan also satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor, except to the extent such liquidation or reorganization is proposed in the Plan.

24. All fees payable under 28 U.S.C. § 1930 have been paid, or the Plan provides for the payment of all such fees on the effective date of the Plan. Therefore, the Plan satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.

25. The Debtor has no retiree benefit program and, therefore, the Plan does not provide for the continuation, as of the effective date of the Plan, of any

retiree benefits, as that term is defined in section 1114 of the Bankruptcy Code. Therefore, section 1129(a)(13) is not applicable.

26. The proponent of the Plan and the Plan have satisfied all of the requirements for confirmation under section 1129(a) of the Bankruptcy Code, except the requirements of Bankruptcy Code section 1129(a)(8).

### C. The Plan Satisfies the Requirements of section 1129(b) of the Bankruptcy Code.

27. Rogina, as the proponent of the Plan, has requested approval of the Plan notwithstanding the requirements of section 1129(a)(8) of the Bankruptcy Code.

28. The Plan does not discriminate unfairly and is fair and equitable within the meaning of section 1129(b) of the Bankruptcy Code with respect to the treatment of each class of interests that is impaired under, and has not accepted, the Plan.

29. The Plan is fair and equitable with respect to the treatment of Class 4, the Debtor's Interest. With respect to the Debtor, the Plan provides that the Debtor will retain on account of his interest property of a value, as of the effective date of the Plan, equal to the value of such interest. Specifically, the Plan provides that the Debtor will retain his interest in all property of the estate other than the Property and that the Debtor will receive all proceeds that remain following the sale of the

8

Property, the payment of claims, and the administration of the Plan. Accordingly, the Plan satisfies the requirements of 11 U.S.C. § 1129(b)(2)(c)(i).

30. In addition, with respect to the Debtor's Class 4 Interest, the holder of any interest that is junior to the Class 4 Interests will not receive or retain under the Plan on account of such junior interest any property. There are no interests junior to the interests of the Debtor's Class 4 Interest. Accordingly, the Plan satisfies the requirements of 11 U.S.C. § 1129(b)(2)(c)(ii).

31. The Plan does not discriminate unfairly with respect to the Debtor's Class 4 Interest.

### D. Implementation of the Plan.

#### 1. Sale of Property.

32. Pursuant to Article VI of the Plan, an Auction will be held for the sale of the Property in accordance with the Bid Procedures, a copy of which are attached hereto as **Exhibit A**.

33. The Bid Procedures for the auction are fair and reasonable.

34. The Property will be sold to the bidder that submits the highest and best bid for the Property.

35. The terms and conditions of the proposed Purchase and Sale Agreement, Warranty Deed ("Deed"), and Assignment of Lease and Claims (the "Assignment") (collective **Exhibit B** hereto) are fair and reasonable.

36. The Court will hold a hearing to confirm the sale of the Property to the winning bidder. The Property will then be sold pursuant to the Court's order confirming the sale pursuant to the Purchase and Sale Agreement, Deed, and Assignment.

37. All of the parties with an interest in the Property may and shall be compelled as part of this proceeding to accept a money satisfaction of such interest. Accordingly, the sale of the Property to the winning bidder at the auction shall, pursuant to section 363(f)(5) of the Bankruptcy Code, be free and clear of any lien, claim, encumbrance, or other interest in such property, subject only to the Ground Lease and the exceptions listed in the Deed.

### 2. Assumption and Assignment of Ground Lease.

38. The Plan contemplates the sale of the Property subject to the Ground Lease.

39. Because the lessor under the Ground Lease has no obligations of any significance – the lessee being responsible for the maintenance of the property and for all expenses associated with the management and upkeep of the Property – any

10

party that is qualified to bid on the property at the auction will have the ability to perform the obligations of landlord under the Ground Lease.

### 3. The Plan.

40. Rogina is designated to serve as Plan Administrator under the Plan, pending further order of the Court.

41. Rogina stipulated at the Confirmation Hearing that the unsecured portion of any allowed claim of the Department of Treasury, Internal Revenue Service, will be treated as a Class 3 General Unsecured Claim, and the Plan was so amended.

### 4. Minimum Purchase Price.

42. The Court hereby establishes $1,185,000 as the Minimum Purchase Price, based upon the estimate attached hereto as **Exhibit C**.[2] The Minimum Purchase Price is sufficient to fully fund the Plan.

**ACCORDINGLY**, for the reasons set forth above and based on the record in this case, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that due and proper notice of the Confirmation Hearing on the Plan and of the opportunity to object to

---

[2] Exhibit C hereto is approved as an estimate only, and the Court's approval is not equivalent to the approval or allowance of any particular claim, cost, or fee. The Plan does not call for the allowance or disallowance of any particular claim. All

11

confirmation of same, and to object to approval of the Disclosure Statement, and the deadline for filing ballots accepting or rejecting the Plan has been given to all creditors and parties in interest; and it is further

**ORDERED, ADJUDGED, AND DECREED** that the Plan meets the requirements of section 1129(a) of the Bankruptcy Code except for the requirements of section 1129(a)(8) of the Bankruptcy Code; and it is further

**ORDERED, ADJUDGED, AND DECREED** that the Plan meets the requirements of section 1129(b) of the Bankruptcy Code; and it is further

**ORDERED, ADJUDGED, AND DECREED** that the Plan is **CONFIRMED**; and it is further

**ORDERED, ADJUDGED, AND DECREED** that except as otherwise provided in the Plan, on the Effective Date, in accordance with sections 1141(b) and 1141(c) of the Bankruptcy Code, all property of the Debtor's estate other than the Property subject to the Ground Lease and the exceptions listed in the Deed hereby is vested in the Debtor free and clear of all claims of creditors; and it is further

**ORDERED, ADJUDGED, AND DECREED** the Rogina is hereby appointed as the Plan Administrator; and it is further

---

such matters will be addressed as part of the claims resolution process provided in the Plan.

B JHW 947330 v1
1016937-000023 12/03/2010

Case 09-06538-TBB11    Doc 202    Filed 12/09/10    Entered 12/09/10 13:36:08    Desc
Main Document    Page 12 of 18

**ORDERED, ADJUDGED, AND DECREED** that the Bid Procedures (**Exhibit A** hereto) are hereby approved; and it is further

**ORDERED, ADJUDGED, AND DECREED** that the Purchase and Sale Agreement, Deed, and Assignment (collective **Exhibit B** hereto) are hereby approved; and it is further

**ORDERED, ADJUDGED, AND DECREED** that the Property will be sold at Auction by the Auctioneer in accordance with the Bid Procedures; and it is further

**ORDERED, ADJUDGED, AND DECREED** that to the extent that the provisions of the Plan, including the scheduling of the Auction and the Sale Hearing pursuant to Section 6.3 and 6.4 of the Plan and the deadlines related to objections to Claims in Section 8.1 of the Plan, differ from or conflict with the provisions of this Confirmation Order, the provisions of this Confirmation Order shall control and the Plan is hereby so amended; and it is further

**ORDERED, ADJUDGED, AND DECREED** that the Auctioneer shall be Gary W. Lee, Spain & Gillon, LLC, 2117 Second Avenue North, Birmingham, Alabama 35203; (T) 205-581-6206; (F) 205-324-8866; gwl@spain-gillon.com; and it is further

13

B JHW 947330 v1
1016937-000023 12/03/2010

**ORDERED, ADJUDGED, AND DECREED** that the Auctioneer shall be entitled to the benefits and protections set forth in Section 6.14 of the Plan, including, without limitation, the right to indemnification and reimbursement; and it is further

**ORDERED, ADJUDGED, AND DECREED** that the Auctioneer shall be compensated, on an hourly fee basis, for his reasonable fees and expenses in accordance with the provisions of Section 6.10 of the Plan; and it is further

**ORDERED, ADJUDGED, AND DECREED** that the Property shall be sold pursuant to section 363 of the Bankruptcy Code free and clear of all liens, claims, encumbrances, and other interests, subject only to the Ground Lease and the exceptions listed in the deed; and it is further

**ORDERED, ADJUDGED, AND DECREED** that the Auction shall be conducted beginning at 10:00 a.m. (prevailing Central time) on December 16, 2010, at the offices of the Bankruptcy Administrator, Attention: Thomas J. Corbett, Chief Deputy, United States Bankruptcy Court, Northern District of Alabama, Robert S. Vance Federal Building, 1800 5th Avenue North, Birmingham, Alabama, (205) 714-3838; and it is further

B JHW 947330 v1
1016937-000023 12/03/2010

**ORDERED, ADJUDGED, AND DECREED** that the Minimum Purchase Price – that is, the starting bid for the Auction of the Property – shall be $1,185,000; and it is further

**ORDERED, ADJUDGED, AND DECREED** that Rogina is approved as a Potential Bidder under the Bid Procedures; and it is further

**ORDERED, ADJUDGED, AND DECREED** that a hearing to authorize the sale of the Property to the winning bidder at the Auction shall be held at 1:30 p.m. (prevailing Central time) on Thursday, December 16, 2010, at the United States Bankruptcy Court, Robert S. Vance Federal Building, 1800 5th Avenue North, Courtroom 1, Birmingham, Alabama; and it is further

**ORDERED, ADJUDGED, AND DECREED** that all objections to claims other than objections to Administrative and Professional Fee Claims shall be filed on or before December 15, 2010; and it is further

**ORDERED, ADJUDGED, AND DECREED** that all holders of Administrative Claims and Professional Fee Claims arising out of events occurring on or before the Effective Date shall file their fee application within fourteen (14) calendar days from the Closing of the Sale or forever be barred from so doing (notice of the Closing having been given pursuant to the notice of Effective Date filed pursuant to the Plan); and it is further

**ORDERED, ADJUDGED, AND DECREED** that the Plan shall be binding upon and inure to the benefit of the Debtor, Rogina, the holders of all claims, their respective successors and assigns, whether or not such creditor or holder of Equity Interest is impaired under the Plan or has voted to accept the Plan; and it is further

**ORDERED, ADJUDGED, AND DECREED** that the Debtor, Rogina, and the Plan Administrator are hereby authorized and directed to take any and all actions and to execute any and all documents necessary or appropriate in order to consummate the transactions described in the Plan; and it is further

**ORDERED, ADJUDGED, AND DECREED** that, except as otherwise provided in the Plan or in this Confirmation Order, the rights afforded in the Plan and the payments and distributions to be made thereunder shall be in complete exchange for, and in full satisfaction, discharge, and release of, all existing debts and claims of any kind, nature, or description whatsoever against the Debtor, the Debtor's estate, the Property, the Ground Lease, and Rogina, and upon the Effective Date, all such existing claims shall be, and shall be deemed to be, exchanged, satisfied, discharged, and released in full, except as otherwise provided in the Plan; and all holders of claims shall be precluded and enjoined from asserting against the Debtor, the Debtor's estate, the Property, Rogina, the Ground Lease, and the Plan Administrator any claim based upon any act or omission,

16

transaction, or other activity of any kind or nature that occurred prior to the Effective Date, whether such holder filed a proof of claim, such claim is allowed, or the holder of such claim has accepted the Plan; and it is further

**ORDERED, ADJUDGED, AND DECREED** that effective upon the Effective Date, each holder of a claim, equity interest or other party-in-interest, except as provided in the Plan, shall be and hereby is enjoined from filing any claim, suit, or cause of action of any kind against the Debtor, the Debtor's estate, Rogina, the Property, the Plan Administrator, or their officers, directors, shareholders, employees, affiliates, principals, and agents based upon any act, conduct, omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date; and it is further

**ORDERED, ADJUDGED, AND DECREED** that the Court shall retain jurisdiction over any disputes regarding orders of the Court or stipulations entered into in the Debtor's chapter 11 case and such other purposes as are consistent with section 1142 of the Bankruptcy Code; and it is further

**ORDERED, ADJUDGED, AND DECREED** that except as specifically set forth herein, this Confirmation Order incorporates, approves, and authorizes each and every term and condition of the Plan and the transactions contemplated therein; and it is further

17

**ORDERED, ADJUDGED, AND DECREED** that, as provided in section 1146(c) of the Bankruptcy Code, the delivery of any instrument or transfer under the Plan shall not be taxed under any law imposing a stamp tax or a similar tax, or governmental assessment, and the appropriate governmental officials or agents shall be, and hereby are, directed to forego the collection of any tax or governmental assessments and to accept for filing and recordation any of the foregoing instruments without the payment of any such tax or assessment; and it is further

**ORDERED, ADJUDGED, AND DECREED** that promptly upon entry of this Order, Rogina shall mail to all creditors and other parties in interest notice of the entry of this Order, together with all exhibits hereto.

**DONE AND ORDERED** at Birmingham, Alabama this 9th day of December, 2010.

/s/Thomas B. Bennett
THOMAS B. BENNETT
United States Bankruptcy Judge

B JHW 947330 v1
1016937-000023 12/03/2010